UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Rodney Barnes,

      Plaintiff,   Case No. 23-cv-11686

v.           Judith E. Levy
           United States District Judge
United States Postal Service &
County of Oakland,     Mag. Judge Elizabeth A.
           Stafford
      Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS [3] AND DISMISSING CASE WITHOUT PREJUDICE**

On July 14, 2023, *pro se* Plaintiff Rodney Barnes filed the complaint in this case against Defendants the United States Postal Service and Oakland County. (ECF No. 1.) He also filed an application to proceed without prepaying fees or costs (*in forma pauperis*). (ECF No. 3.)

Federal courts "may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees." 28 U.S.C. § 1915(a)(1). Plaintiff indicates that

he receives approximately $900 per month in social security income. (ECF No. 3, PageID.11.) He also indicates that he has no savings, has taken out a cash advance loan, and provides for one dependent. (*Id.* at PageID.12.) Accordingly, Plaintiff satisfies the requirements under 28 U.S.C. § 1915(a)(1) and his application to proceed without prepayment of fees is granted.

Because Plaintiff proceeds *in forma pauperis*, the Court must screen his complaint to see if it fails to state a claim or is frivolous. 28 U.S.C. § 1915(e)(2)(B). When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

The complaint is frivolous or subject to dismissal if it provides no basis for federal jurisdiction. *Carlock v. Williams*, 182 F.3d 916 (6th Cir.

1999) ("Since there is no basis for federal jurisdiction apparent on the face of Carlock's complaint . . . the district court properly dismissed the action as frivolous and for lack of subject matter jurisdiction."); *accord Price v. Cox*, No. 10-CV-14224, 2011 WL 163372, at *3 (E.D. Mich. Jan. 18, 2011) (collecting cases). Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). The Constitution and Congress have provided the federal courts with the authority to hear a case only when diversity of citizenship exists between the parties or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction under 28 U.S.C. § 1331 arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Here, Plaintiff's claim is that "[t]he mail lady said I indescent exposed myself and I never did they locked me up and I told the police I

didn't expose myself. Im real I don't lie. I want to take a lie detector test or u can have them take one." (ECF No. 1, PageID.5 (errors in original).) In addition, Plaintiff indicates that there is federal question jurisdiction because "someone lied on me and they say I indescent exposure and I did not. I don't lie. Im real I tell the truth." (ECF No. 1, PageID.4 (errors in original).) Even liberally construing the Complaint "to encompass any allegation stating federal relief," the Court is unable to discern a viable federal claim on the face of the complaint. *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985) (internal quotation marks and citation omitted). Plaintiff also does not assert that the Court has diversity jurisdiction or allege any facts that support the existence of diversity jurisdiction.

The Court does not have subject matter jurisdiction over this action. Accordingly, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 3) is GRANTED and the case is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: July 26, 2023              s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2023.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
